These cases we have adverted to in the original opinion, and reached the conclusion there stated that the testimony in question is within the general rule stated, and not within the exception. The proffered testimony of Atkinson's wife would connect him with the homicide, the commission of which he denied upon the trial. The record reveals no fact or agreement which would be an impediment to his indictment for this offense. In addition to the cases mentioned, the appellant stresses that of Clubb v. State, 14 Tex. App. 194, the analogy of which we are unable to accept. Samuel Clubb was convicted of an assault upon his father, John Clubb. John Clubb gave testimony against the accused. Julia Clubb, the wife of John Clubb, was held available to the appellant to give testimony in his favor, notwithstanding her version of the facts was not in accord with that of her husband. Her testimony related to no confidential communication, but referred solely to her independent knowledge of the transaction upon which the prosecution is founded. The distinction between such a case and the one at bar is noted in the opinion and obviously existed. The court's ruling apparently is supported by the opinion of the Supreme Court of this state in the case of Roach v. State, 41 Tex. 262. See, also, Bowmer v. State, 55 Tex. Cr. R. 416, 116 S. W. 798; Spencer v. State, 52 Tex. Cr. R. 292, 106 S. W. 386; Dungan v. State, 39 Tex. Cr. R. 115, 45 S. W. 19; Dill v. State, 1 Tex. App. 282. The ruling is not in conflict with the cases of Rios v. State, 39 Tex. Cr. R. 675, 47 S. W. 987; Bluman v. State, 33 Tex. Cr. R. 58, 21 S. W. 1027, 26 S. W. 75; Hardin v. State, 51 Tex. Cr. R. 559, 103 S. W. 401; Morrill v. State, 5 Tex. App. 448. What we have said is but a repetition of the statements contained in the original opinion.

In view of the nature of the case, and the penalty attached, we have re-examined the record in the light of the motion and reviewed the authorities to which we have been referred, and have been led to the conclusion that the point made was properly disposed of in the original opinion, and that no other matters pointed out by the appellant or revealed by the record would justify this court in disturbing the verdict rendered and the judgment entered by the trial court. The motion is overruled.

---

## RICHARDS v. STATE. (No. 7091.)

(Court of Criminal Appeals of Texas. June 21, 1922.)

1. Criminal law ⟠1099(10) — Statement of facts must be authenticated by trial judge.

An instrument bearing neither agreement of counsel nor approval of judge is not a state-ment of facts, under Vernon's Ann. Code Cr. Proc. 1916, art. 844c.

2. Criminal law ⟠1144(14)—Court's refusal of special charge presumed correct in the absence of statement of facts.

In the absence of a statement of facts, the presumption is that a special charge complained of in bill of exceptions was properly refused, since the propriety of the charge depends upon the evidence, which is not before the court.

3. Criminal law ⟠1144(12)—Correctness of trial court's ruling on reception of evidence presumed in absence of statement of facts.

The presumption is that the trial court ruled correctly, and, where the bill of exceptions, unaccompanied by an authenticated statement of facts, complains of the admission of accused's prior oral statements, the reviewing court will assume that these statements came within exceptions named in Vernon's Ann. Pen. Code 1916, art. 810.

Appeal from District Court, Eastland County; E. A. Hill, Judge.

J. C. Richards was convicted of theft, and he appeals. Affirmed.

Chastain, Judkins & Chastain, of Eastland, and Dodson & Owen, of Wartham, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the offense of theft; punishment fixed at confinement in the penitentiary for a period of seven years.

[1] We find no statement of facts that can be considered. The instrument so denominated bears neither the agreement of counsel nor the approval of the judge. The authentication of the statement of facts by the judge of the trial court is made essential by statute. Code Cr. Proc. art. 844c.

[2] Two bills of exceptions are found. One relates to the refusal of the court to read to the jury a special charge prepared by the appellant concerning an explanation of his possession of recently stolen property. The propriety of giving this charge obviously would depend upon the evidence which was before the trial judge, but which is not before this court. In the absence of the statement of facts, we are compelled to indulge the presumption that in refusing the special charge the trial judge acted properly.

[3] In another bill complaint is made of the receipt in evidence of certain oral statements made by the appellant and testified to by witnesses, which statements had to do with his connection with the alleged stolen property. In explaining the bill the court refers to the statement of facts, which, as above stated, is not before us, and we are unable to appraise the merits in the absence of a statement of facts. So far as it reveals the predicate for its introduction, the

statements seem to have been made while the appellant was under arrest, and was not reduced to writing. Whether they were made admissible by other testimony we are unable to determine. We do not know what facts were before the trial court. The trial court held that these statements were admissible. The rule is imperative that it is incumbent upon the appellant to show that a harmful error was committed; otherwise the presumption in favor of the correctness of the ruling of the trial court will prevail. The statute on confessions does not exclude all oral statements, made while one is under arrest, and we must, under the circumstances, assume that the evidence complained of came within some of the exceptions named in article 810 of the Penal Code.

Finding no error, the judgment is affirmed.